# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**INDIA STEWART,**

                               **Case Number:**

    **Plaintiff,**

**v.**

**SWEETWATER FRANCHISE GROUP, LLC**
**d/b/a SONIC.**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff, India Stewart, by and through her undersigned counsel, hereby brings this action for unpaid minimum wages against Defendant, Sweetwater Franchise Group, LLC, d/b/a "Sonic" pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her Complaint, Plaintiff states as follows:

### Parties

2.  Plaintiff resides in Hillsborough County, Florida.

3.  Plaintiff is a minor who was under 18 years of age at all times during her employment with Defendant.

4. Plaintiff was employed by Defendant as a "Carhop".

5. Defendant operates a fast-food restaurant doing business as "Sonic."

6. Plaintiff was employed by Defendant from approximately August 6, 2020, until July 5, 2021.

## Jurisdiction

7. Defendant is a fast-food conglomerate that owns and operates a "Sonic" restaurant in Hillsborough County, Florida.

8. Defendant employed Plaintiff as a carhop in Hillsborough County, Florida.

9. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

10. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

11. Plaintiff was employed by Defendant as a carhop.

12. AS a carhop, Plaintiff primary duties including taking orders from customers and delivering food to customers.

13. Defendant paid Plaintiff on an hourly basis.

14. Specifically, Plaintiff was paid the "tipped minimum wage" during the majority of her employment with Defendant.

15. As a carhop, Plaintiff occasionally received tips from customers.

16. Prior to being employed by Defendant, Plaintiff was required to interview with Defendant and present Defendant with her resume.

17. At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any minimum exemptions or exceptions.

18. While Plaintiff was employed by Defendant, it was common for customers to "walkout" on their meals; meaning they received food from Defendant but did not pay for their meals.

19. During the entirety of Plaintiff's employment Defendant's maintained and enforced a walkout policy that required carhops to pay Defendant for unpaid meals.

20. Because Plaintiff received the tipped minimum wage during the majority of her employment, Defendant's deductions from Plaintiff's pay to cover unpaid meals caused Plaintiff to earn less than the minimum wage.

21. Because Plaintiff earned the tipped minimum wage, any deduction from her pay caused Plaintiff to earn less than the minimum wage.

22. Defendant regularly and routinely deducted wages from Plaintiff's pay, while Plaintiff was earning the tipped minimum wage, in order to force Plaintiff to pay for walkouts and unpaid meals.

23. Defendant, therefore, caused Plaintiff to earn less than the minimum wage.

24. Plaintiff was entitled to earn at least minimum wages for all hours worked for Defendant.

25. Plaintiff was not paid at least the minimum wage for all hours worked for Defendant during her employment.

26. Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

27. Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work and did not pay Plaintiff at least minimum wages for all hours worked in a single workweek.

28. Specifically, Defendant took advantage of Plaintiff's minor status and preyed upon Plaintiff's perceived weakness by extracting work from Plaintiff without paying her at least the minimum wage under the belief that Plaintiff's "inferior status" would prevent her from taking legal action.

29. Essentially, Defendant engaged in involuntary servitude of a minor.

30. Defendant failed to pay Plaintiff at least minimum wages for all hours worked by Plaintiff during her employment with Defendant.

31. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff at least minimum wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

32. Plaintiff often performed work for Defendant at a rate well below the appropriate minimum wage.

33. As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

34. Plaintiff seeks full compensation, including unpaid minimum wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least minimum wages for all hours worked was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

35. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

36. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that the involved restaurant industry and required Plaintiff to regularly communicate with out-of-state banking institutions by way of processing debit and credit cards.

37. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

38. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

39. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials

and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

40.   At all material times relevant to this action, Plaintiff in her capacity as a carhop, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, using the internet to communicate with foreign banking institutions, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

41.   Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

42.   At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

43.   Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, records of payments made by Plaintiff to Defendant to cover "walkouts," and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise amount owed to Plaintiff.

44. However, Plaintiff alleges that she routinely worked for Defendant at a rate less than the appropriate minimum wage.

45. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES

46. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-45, above.

47. Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

48. Plaintiff worked for Defendant in Hillsborough County, Florida.

49. Plaintiff was entitled to be at least minimum wages for all hours worked for Defendant.

50. Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all hours worked during her employment.

51. Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

53. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid wages, unpaid minimum wages, unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 27th day of September, 2021.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com